■ HOME TOWN MUFFLER, INC., Appellant, v COLE MUFFLER, INC., et al., Respondents. [608 NYS2d 735] —Cardona, P. J. Appeal from an order of the Supreme Court (Fischer, J.), entered February 17, 1993 in Broome County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff was a retail establishment engaged in the installation of mufflers, shocks, struts and springs in the City of Binghamton, Broome County. Defendant Cole Muffler, Inc. was one of plaintiff's competitors. Defendant AP Parts Manufacturing, Inc. was a supplier of various exhaust system products, shock absorbers and brake parts. Cole was a major and long-time customer of AP. At the time plaintiff was initially formed in November 1988, it ordered only shock absorbers from AP and ordered its other parts from another supplier. Thereafter, in the spring of 1989, plaintiff was deleted from AP's mailing list. As a consequence of this termina-

tion, plaintiff commenced this suit against defendants alleging that they had entered into an "agreement, arrangement or combination" whereby AP refused to sell its products to plaintiff, resulting in the restraint of the free exercise of plaintiff's retailing activities in violation of General Business Law § 340 (1). Plaintiff also asserted a cause of action against Cole alleging that Cole tortiously interfered with plaintiff's contract with AP. Defendants answered and, after conducting discovery, separately moved for summary judgment. Supreme Court granted the motions and dismissed the complaint, prompting this appeal by plaintiff.

We affirm. In so doing, we initially note that defendants carried their initial burden of demonstrating their defenses as a matter of law to warrant summary judgment in their favor *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). The question therefore distills to whether plaintiff adduced sufficient evidence in support of its claims to require a trial *(see, supra).* An examination of the record reveals that plaintiff did not make the requisite showing and therefore summary judgment was properly granted to defendants.

We turn first to plaintiff's claim that defendants violated the antitrust provision of General Business Law § 340 (1). A party claiming a violation of this statute, which was modeled after the Federal Sherman Antitrust Act (15 USC § 1; *see, State of New York v Mobil Oil Corp.,* 38 NY2d 460, 463), must (1) identify the relevant product market, (2) describe the nature and effects of the alleged conspiracy, (3) describe how the economic impact of the conspiracy restrained trade in the market in question, and (4) identify a conspiracy or reciprocal relationship between two or more parties *(Creative Trading Co. v Larkin-Pluznick-Larkin,* 136 AD2d 461, 462; *see, International Tel. Prods. v Twentieth Century-Fox Tel. Div.,* 622 F Supp 1532).

The record reveals that after plaintiff ordered the shock absorbers from AP in November 1988, AP sent plaintiff a credit application which plaintiff never completed. According to AP it deleted plaintiff from its mailing list in part due to plaintiff's failure to complete the credit application, but also because plaintiff had not placed any orders since the first order and AP was having doubts about plaintiff's ability to successfully operate its business. Although plaintiff claimed it placed several telephone orders for parts to AP, it produced no documentation to support this claim. Plaintiff also alleged that without access to AP parts it could not compete with

Cole. One of plaintiff's representatives admitted, however, that although plaintiff could have initially received AP muffler and exhaust parts, plaintiff declined and limited its order to shock absorbers. Plaintiff argued that it limited its order because it had heard that Cole had put pressure on AP not to sell to plaintiff. Plaintiff reasoned that it would be safe to order other parts from AP if AP continued to sell it shocks. Supreme Court noted the inconsistency of plaintiff's logic and properly rejected it as conjecture. Rather than state with specificity how the economic impact of the alleged agreement restrained trade in the market, plaintiff presented only assertions and legal conclusions.

It is true that direct evidence of a conspiracy is rarely available and must be proven by inferences from the behavior of the alleged conspirators *(see, Hayden Co. v Siemens Med. Sys.,* 879 F2d 1005, 1012). Nevertheless, plaintiff at most has shown that Cole may have complained to AP. Terminating a distributor in response to complaints by other distributors is not sufficient to withstand a summary judgment motion *(see, Monsanto Co. v Spray-Rite Serv. Corp.,* 465 US 752, 759). An agreement will not be inferred from such actions and they do not indicate concerted behavior *(supra)*. There has to be evidence that tends to exclude the possibility that the alleged conspirators were acting independently *(supra; see, Matsushita Elec. Indus. Co. v Zenith Radio,* 475 US 574). Such evidence is lacking in this case. As Supreme Court noted, AP pointed to other reasons for terminating plaintiff as a customer. Thus, the court properly granted summary judgment to defendants on plaintiff's antitrust claim.

Turning to plaintiff's claim for tortious interference, it was required to establish (1) the existence of a contract between it and AP, (2) Cole's knowledge of the contract, (3) Cole's intentional inducement of AP to breach the contract, and (4) damages *(see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94). At most plaintiff showed the existence of future contractual relations or a contract terminable at will. In order to recover damages for interference in such a situation, plaintiff was required to show that Cole used "wrongful means". These include physical violence, fraud, misrepresentation, civil suits, criminal prosecution or some degree of economic pressure which does not include persuasion alone, even if knowingly directed at interfering with the contract *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191; *see also, Yan's Video v Hong Kong TV Video Programs,* 133 AD2d 575). Here, the evidence showed only that Cole may have persuaded

AP to discontinue plaintiff as a customer, which was not enough to withstand defendants' motions.

In sum, plaintiff has relied on surmise and speculation and has failed to establish the existence of facts of sufficient import to create triable issues *(see, Shaw v Time-Life Records,* 38 NY2d 201, 207; *see also, Matsushita Elec. Indus. Co. v Zenith Radio, supra,* at 585-586). Plaintiff's remaining contentions have been considered and rejected as unpersuasive.

Mikoll, Crew III and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.