■ ANTHONY GOLFO, Appellant, et al., Plaintiff, v JACOB (HANK) SOPHER, Respondent, et al., Defendants. (Action No. 1.) JACOB SOPHER, Respondent, v FINECRAFT ENTERPRISES, INC., et al., Defendants, and ANTHONY GOLFO, Appellant. (Action No. 2.) [676 NYS2d 499] —In related actions, *inter alia,* to recover damages for breach of contract, Anthony Golfo, the plaintiff in Action No. 1 and a defendant in Action No. 2, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 26, 1997, as granted the motions of Jacob Sopher, a defendant in Action No. 1 and the plaintiff in Action No. 2, pursuant to CPLR 3015 (e), to dismiss the complaint in Action No. 1, insofar as asserted on his behalf, and the counterclaims in Action No. 2, insofar as asserted on his behalf, on the ground that he does not possess a license as a home improvement contractor.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that a contractor who fails to possess and plead a valid license as required by relevant local laws may neither sue to recover damages for breach of a construction contract by a consumer, nor recover in quantum meruit (*see,* CPLR 3015 [e]; *B & F Bldg. Corp. v Liebig,* 76 NY2d 689; *Ellis v Gold,* 204 AD2d 261; *Hughes & Hughes Contr. Corp. v Coughlan,* 202 AD2d 476; *Primo Constr. v Stahl,* 161 AD2d 516; *Todisco v Econopouly,* 155 AD2d 441). We agree with the conclusion of the Supreme Court that the home improvement services provided by the appellant fell within the relevant provisions of the Code of the Town of Southampton, and therefore he was required to be licensed (*see, O'Mara Org. v Plehn,* 179 AD2d 548). As the appellant did not possess, nor does he plead, the requisite license, the Supreme Court properly dismissed the complaint in Action No. 1 insofar as asserted on his behalf, and his counterclaims in Action No. 2. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.