(May 29, 2007)

■ KRISTIN AL-SULLAMI et al., Respondents, v MICHAEL BROSKIE et al., Appellants, et al., Defendant. [834 NYS2d 873]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendants Michael Broskie and Infiniti Building Corporation appeal from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), dated June 22, 2006, which denied their motion, among other things, pursuant to CPLR 7503 to compel arbitration, and (2) an order of the same court, also dated June 22, 2006, which denied their motion pursuant to CPLR 3103 for a protective order suspending their obligation to respond to the plaintiffs' discovery demands, in effect, pending a determination of the motion, inter alia, to compel arbitration.

Ordered that the orders are affirmed, with one bill of costs.

A home improvement contractor who fails to possess and plead a valid license as required by relevant local laws may neither sue to recover damages for breach of a construction contract by a consumer, nor recover in quantum meruit (*see B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *Golfo v Sopher*, 253 AD2d 479 [1998]; *Ellis v Gold*, 204 AD2d 261 [1994]; *Hughes & Hughes Contr. Corp. v Coughlan*, 202 AD2d 476 [1994]; *Primo Constr. v Stahl*, 161 AD2d 516 [1990]; *Todisco v Econopouly*, 155 AD2d 441 [1989]). Therefore, an unlicensed contractor cannot enforce a construction contract in arbitration (*see e.g. Matter of Schwartz [American Swim Pools, Div. of Urban-Suburban Recreation]*, 74 AD2d 638 [1980]).

At bar, it is undisputed that the appellants did not possess the requisite license for a home improvement contractor pursuant to Suffolk County Administrative Code § 345-17 (A). Accordingly, the Supreme Court properly denied the appellants' motion, inter alia, pursuant to CPLR 7503 to compel arbitration in accordance with a construction contract the defendant Infiniti Building Corporation entered into with the plaintiffs to renovate their home.

The appellants' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of our determination. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.