■ LGP FOUNDATIONS, INC., Respondent, v BRYAN BANTRY, Appellant. [874 NYS2d 584]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated September 23, 2008, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[L]icensing statutes are to be strictly construed, and . . . an unlicensed contractor forfeits the right to recover damages based either on breach of contract or on quantum meruit, as well as the right to foreclose on a mechanic's lien" (*Callos, Inc. v Julianelli*, 300 AD2d 612, 613 [2002]).

The defendant made a prima facie showing of his entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff, a home improvement contractor, was not licensed as such by the Town of East Hampton at the time the subject contract was signed or when the relevant work was performed (*id.* at 613). However, in response, the plaintiff raised a triable issue of fact as to whether the subject property is "residential property" within the scope of the applicable provisions of the Code of the Town of Easthampton and, therefore, whether the licensure provision of the Town Code applies to this case (*see* Code of Town of Easthampton §§ 156-2, 156-5, 156-10).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Spolzino, Ritter and Miller, JJ., concur.