■ J.D. Nicotra, Appellant, v William M. Manger, Jr., et al., Respondents, et al., Defendant. [882 NYS2d 303]—

In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated March 28, 2008, which granted the motion of the defendants William M. Manger, Jr., as trustee of the Lynn S. Manger Trust, William M. Manger, Jr., individually, and Lynn S. Manger pursuant to CPLR 3015 (e) and 3211 (a) (3) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

A home improvement contractor who fails to possess and plead possession of a valid license as required by relevant laws may not commence an action to foreclose a mechanic's lien (*see*

CPLR 3015 [e]; *B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *LGP Founds., Inc. v Bantry*, 60 AD3d 739 [2009]; *Hakimi v Cantwell Landscaping & Design, Inc.*, 50 AD3d 848, 851 [2008]; *Al-Sullami v Broskie*, 40 AD3d 1021, 1022 [2007]; *Ben Krupinski Bldr. & Assoc., Inc. v Baum*, 36 AD3d 843, 844 [2007]; *Callos, Inc. v Julianelli*, 300 AD2d 612, 613 [2002]; *Golfo v Sopher*, 253 AD2d 479, 480 [1998]). "The legislative intent to protect residential homeowners places the burden unequivocally on the contractor to ensure that the license requirements are strictly complied with" (*Michael D. Canuso Constr. v Rogers*, 267 AD2d 218, 219 [1999]). As the plaintiff did not properly plead that he possessed the requisite home improvement license, or demonstrate that he actually possessed such a license, the Supreme Court properly dismissed the complaint insofar as asserted against the defendants William M. Manger, Jr., as trustee of the Lynn S. Manger Trust, William M. Manger, Jr., individually, and Lynn S. Manger. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.