■ J.M. BUILDERS & ASSOCIATES, INC., Respondent, v JAMES A. LINDNER et al., Appellants. [889 NYS2d 60]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated October 31, 2007, as denied those branches of their motion pursuant to CPLR 3211 (a) which were to dismiss the fourth cause of action alleging tortious interference with the plaintiff's business and contract rights and the seventh and eighth causes of action alleging fraud, and (2) from an order of the same court dated July 3, 2008, which, after a framed-issue hearing, denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss first cause of action alleging breach of contract, the second cause of action alleging unjust enrichment, the third cause of action to recover on an account stated, the fifth cause of action alleging breach of implied warranty of fair dealing and good faith, the sixth cause of action for an award of an attorney's fee, costs, and expenses, and the ninth cause of action to compel the sale of certain real property, and for a preliminary and permanent injunction enjoining them from further encumbering the real property, and to vacate a notice of pendency and a mechanic's lien filed in connection with the real property.

Ordered that the order dated October 31, 2007 is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the fourth cause of action alleging tortious interference with the plaintiff's business and contract rights and the seventh and eighth causes of action alleging fraud are granted; and, it is further,

Ordered that the order dated July 3, 2008 is reversed, on the law, those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first cause of action alleging breach of contract, the second cause of action alleging unjust enrichment, the third cause of action to recover on an account stated, the fifth cause of action alleging breach of implied warranty of fair dealing and good faith, the sixth cause of action for an award of an attorney's fee, costs, and expenses, and the ninth cause of action to compel the sale of the subject real property, and a preliminary and permanent injunction enjoining the defendants from further encumbering the property, and to cancel the notice of pendency and vacate the mechanic's lien are granted; and it is further,

Ordered that the Suffolk County Clerk is directed to cancel the notice of pendency and vacate the mechanic's lien filed on March 23, 2007 against the subject real property; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants own real property (hereinafter the property) in the City of New York. The plaintiff performed extensive renovation work on and alterations to the property pursuant to a home improvement contract, but the defendants allegedly failed to pay the full contract price. The plaintiff filed a mechanic's lien against the property and commenced this action. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint, asserting that, since the plaintiff did not obtain a home improvement contracting license to perform the renovation work on and alterations to the property, it could not enforce the home improvement contract against them. The plaintiff countered that the work it performed was not a home improvement but, rather, was the construction of a new home for which a home improvement contracting license was not necessary.

Administrative Code of the City of New York § 20-386 (2) defines "home improvement," inter alia, as the replacement, remodeling, alteration, conversion, rehabilitation, or renovation of any land or building, and specifically excludes the construction of a new home. "The statutory exemption for 'construction of a new home' is limited to the creation of a structure, where none previously existed, that is to be used for residential purposes. Even if a dwelling is stripped to the frame and rebuilt, the work constitutes the renovation of an existing home, not the erection of a new one" (*Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264, 266 [1995]).

Similarly, this Court, in interpreting an identical provision in Southampton Town Code § 143-1 (B) (1) and Suffolk County Administrative Code § 345-16, in which the words "construction" and "home" are not defined, explained that, "giving effect to the plain and common meaning of the words 'construction' and 'home' . . . the phrase 'the construction of a new home,' applies only to the building of a new residential structure" (*Hakimi v Cantwell Landscaping & Design, Inc.*, 50 AD3d 848, 850 [2008]).

It is undisputed that, when the plaintiff began its work, there was an existing home on the property, which was not completely demolished, since it retained the foundation, floors at grade, chimney, one entire wall, and a portion of another wall. Hence, the work undertaken by the plaintiff, although extensive, does not fall into the new-home exception pursuant to Administra-

tive Code of the City of New York § 20-386 (2), and the plaintiff was required to obtain a home improvement contracting license.

"An unlicensed contractor may neither enforce a home improvement contract against an owner nor seek recovery in quantum meruit" (*Blake Elec. Contr. Co. v Paschall,* 222 AD2d at 266). Since the plaintiff did not have a home improvement contracting license, those causes of action alleging breach of contract or sounding in quasi-contract should have been dismissed, including the causes of action expressly alleging breach of contract (first cause of action), alleging unjust enrichment (second cause of action), to recover on an account stated (third cause of action), alleging breach of an implied warranty of fair dealing and good faith (fifth cause of action), for an award of an attorney's fee, costs, and expenses (sixth cause of action), and to compel the sale of the property and for a preliminary and permanent injunction enjoining the defendants from further encumbering the property (ninth cause of action).

The defendants also moved pursuant to CPLR 3211 (a) (7) to dismiss the remaining cause of action alleging tortious interference with the plaintiff's business and contract rights (fourth cause of action) and fraud (seventh and eighth causes of action) for failure to state a cause of action. These causes of action also should have been dismissed.

In the complaint, the plaintiff alleges that the defendants interfered with its business and contract rights by "badmouthing" it to various City agencies, other construction professionals, and prospective customers, as well as by removing a sign from the property bearing its name. The complaint failed to adequately plead that the defendants' actions were motivated solely by malice (*see M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488 [1995]), nor did it adequately plead "the existence of a valid contract between [the plaintiff] and a third party, and that the defendant intentionally procured the third party's breach of that contract without justification" (*Dome Prop. Mgt., Inc. v Barbaria,* 47 AD3d 870, 870 [2008]). Thus, the pleading was insufficient to state a cause of action to recover damages for tortious interference with the plaintiff's business and contract rights.

Similarly, the causes of action alleging fraudulent misrepresentation and fraud in the inducement cannot be sustained. "A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract. A present intent to deceive must be alleged and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud" (*WIT Holding Corp. v Klein,* 282 AD2d 527, 528 [2001] [cita-

tions omitted]; *see Ross v DeLorenzo,* 28 AD3d 631 [2006]). The complaint fails to allege that the defendants harbored a present intent to deceive the plaintiff but, rather, alleges only that the defendants misrepresented their intention to perform in the future under the contract (*cf. RKB Enters. v Ernst & Young,* 182 AD2d 971 [1992]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.

Motion by the appellants on an appeal from two orders of the Supreme Court, Suffolk County, dated October 31, 2007, and July 3, 2008, respectively, to strike pages RA1 through RA3 and RA7 through RA40 of the respondent's appendix on the ground that they contain material dehors the record. By decision and order on motion of this Court dated January 29, 2009 [2009 NY Slip Op 62336(U)], the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition and relation thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted, and those pages of the appendix and any references thereto in the respondent's brief have not been considered in the determination of the appeal. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.