EPIC POOL CORP., Appellant, v ROBERT FONTECCHIO et al., Respondents. [888 NYS2d 429]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), entered October 31, 2008, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) and 3015 (e) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion to dismiss the complaint based upon the plaintiff's failure to possess a valid home improvement contractor's license at the time of the commencement of the action. "In order for a home improvement contractor to recover damages for breach of contract . . . [it] must possess (1) a valid license at the time of performance for which he seeks compensation, and (2) a valid license at the time of pleading" (*Todisco v Econopouly*, 155 AD2d 441, 442 [1989]; *see B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *Zandell v Zerbe*, 139 Misc 2d 737, 740 [1988]). By the plain meaning of the language employed in CPLR 3015 (e) (*see Rosner v Metropolitan Prop. & Liab. Ins. Co.*, 96 NY2d 475, 479 [2001]; *A.J. Temple Marble & Tile v Union Carbide Marble Care*, 87 NY2d 574, 580 [1996]), the complaint is subject to dismissal where, as in this case, the contractor neither possessed a valid license at the time of commencement of the action, nor cured this defect by subsequently obtaining a license. Accordingly, the plaintiff is foreclosed from recovering for the subject work in this case. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.