**HABITAT, LTD.**, Appellant, v **ART OF THE MUSE, INC.**, Doing Business as **OLY STUDIO**, et al., Respondents. [916 NYS2d 174]—

In an action, inter alia, to recover damages for violation of General Business Law § 340, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated December 14, 2009, as granted that branch of the motion of the defendant Art of the Muse, Inc., doing business as Oly Studio, which was pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first cause of action insofar as asserted against it, and granted those branches of the motion of the defendant Mecox Gardens & Pottery, Inc., which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first and fourth causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants.

The plaintiff operates a retail establishment located in the Town of Southampton which sells reproduction antique furniture. The furniture is manufactured and distributed by the defendant Art of the Muse, Inc., doing business as Oly Studio (hereinafter Oly), a California corporation which sells its antique furniture to retailers nationwide. Oly's customers include the defendant Mecox Gardens & Pottery, Inc. (hereinafter Mecox), which operates stores in Southampton and Bridgehampton. In 2007, the plaintiff opened a store in Bridgehampton and informed Oly that it intended to greatly increase its order of reproduction antique furniture. Within two months, Oly terminated its relationship with the plaintiff.

The plaintiff commenced the instant action alleging, inter alia, violations of General Business Law § 340 by Oly and Mecox and tortious interference with a business relationship by Mecox. Oly and Mecox moved separately to dismiss those causes of action insofar as asserted against each of them.

The Supreme Court properly granted those branches of the motions which were to dismiss the first cause of action alleging violation of General Business Law § 340 for failure to state a cause of action, as the plaintiff failed to allege how the economic impact of the alleged conspiracy restrained trade in a relevant product market (*see Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc.*, 34 AD3d 91, 94, 97 [2006]; *Watts v Clark Assoc. Funeral Home*, 234 AD2d 538 [1996]; *Home Town Muffler v Cole Muffler*, 202 AD2d 764, 765 [1994]).

The Supreme Court also properly granted that branch of Mecox's motion which was to dismiss the fourth cause of action alleging tortious interference with a commercial relationship. The plaintiff failed to allege that Mecox used wrongful means beyond persuasion alone to interfere with the plaintiff's relationship with Oly, or that Mecox's motive was solely to harm the plaintiff as opposed to advancing its own economic interests (*see Carvel Corp. v Noonan*, 3 NY3d 182 [2004]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]; *Pink v Half Moon Coop. Apts., S., Inc.*, 68 AD3d 739, 741 [2009]; *Newsday, Inc. v Fantastic Mind*, 237 AD2d 497 [1997]; *Home Town Muffler v Cole Muffler*, 202 AD2d 764 [1994]).

The plaintiff's remaining contention is without merit. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32911(U).]**