ENKO CONSTRUCTION CORP., Appellant, v DIMITRY ARONSHTEIN, Respondent. [932 NYS2d 501]—

The parties entered into a written contract, the terms of which required the plaintiff "to renovate" the defendant's residence located in Oceanside, so as to, among other things, construct a second-story addition to the master bedroom. After performing extensive services, but prior to completing the project, the defendant terminated the plaintiff's services. The plaintiff thereafter commenced this action to recover damages for breach of contract and in quantum meruit for services performed. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) and 3015 (e) to dismiss the complaint on the ground that the plaintiff was not a licensed home improvement contractor. The Supreme Court, among other things, granted that branch of the defendant's motion.

The Nassau County Administrative Code (hereinafter the Code), the local law applicable here, provides that "[n]o person shall own, maintain, conduct, operate, engage in or transact a home improvement business . . . unless he [or she] is licensed therefore" (Nassau County Administrative Code § 21-11.2). "An unlicensed contractor may neither enforce a home improvement contract against an owner nor seek recovery in quantum meruit" (*J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741 [2009] [internal quotation marks omitted]; *B & F Bldg. Corp. v Liebig*, 76 NY2d 689 [1990]; *Hakimi v Cantwell Landscaping & Design, Inc.*, 50 AD3d 848, 851 [2008]; *Al-Sullami v Broskie*, 40 AD3d 1021, 1022 [2007]). Pursuant to CPLR 3015 (e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover in quantum meruit for home improvement services is subject to dismissal under CPLR 3211 (a) (7) if it does not allege compliance with the licensing requirement (*see* CPLR 3015 [e]; *Epic Pool Corp. v Fontecchio*, 67 AD3d 858 [2009]; *Flax v Hommel*, 40 AD3d 809, 810 [2007]; *Westchester Stone, Sand & Gravel v Marcella*, 262 AD2d 403, 404 [1999]).

Here, the plaintiff did not allege that it was duly licensed, and conceded, in opposition to the defendant's motion, that it did not possess the requisite license. Accordingly, the plaintiff was not entitled to enforce its contract against the defendant or to recover in quantum meruit (*see Flax v Hommel*, 40 AD3d at 810; *Brite-N-Up, Inc. v Reno*, 7 AD3d 656 [2004]; *Hakimi v*

*Cantwell Landscaping & Design, Inc.*, 50 AD3d at 851). Contrary to the plaintiff's contention, the fact that the project ultimately became more extensive than originally contemplated, resulting in the demolition of most of the original structure, did not render the licensing requirement inapplicable to the subject project. Although the licensing requirement does not apply to the construction of a new home, interpreting a functionally equivalent local law, this Court concluded that "[t]he statutory exemption for construction of a new home is limited to the creation of a structure, where none previously existed . . . Even if a dwelling is stripped to the frame and rebuilt, the work constitutes the renovation of an existing home, not the erection of a new one" (*J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d at 740 [internal quotation marks omitted]). It is undisputed that, when the plaintiff began its work, there was an existing home on the property, which was not completely demolished (*id.*). Accordingly, the plaintiff was not engaged in the construction of a new home, but, rather, in "[h]ome improvement," as that term is defined by the Code (Nassau County Administrative Code § 21-11.1 [3]) and, thus, the plaintiff was required to obtain a home improvement contractor license (*id.*; *see Durao Concrete v Jonas*, 287 AD2d 481 [2001]; *cf. Cinelli Bldrs., Inc. v Ferris*, 78 AD3d 881, 882 [2010] [home improvement contractor's license was not required where the "contract 'called for the construction of a new home' " and "the existing structures were entirely removed from the property," such that "not even the existing foundation was used in constructing the new home"]).

Contrary to the plaintiff's further contention, although the licensing requirement only applies where improvements are made to buildings "used as a private residence or dwelling place" (Nassau County Administrative Code § 21-11.1 [3]), the defendant's home fell within that category notwithstanding the fact that the defendant homeowner moved out of the house temporarily while the renovations were being performed (*see Racwell Constr., LLC v Manfredi*, 61 AD3d 731, 733 [2009]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) and 3015 (e) to dismiss the complaint. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur. **[Prior Case History: 28 Misc 3d 1228(A), 2010 NY Slip Op 51528(U).]**