■ ORCHID CONSTRUCTION CORP., Appellant, v ADAM GOTTBETTER et al., Respondents. [932 NYS2d 100]—

The plaintiff is a contractor who performed renovation work at the apartment of the defendant Adam Gottbetter in the City of New York pursuant to a home improvement contract. The defendant John Malabre, a project manager for a construction project at the apartment building, allegedly negotiated the terms of the agreement and directed the plaintiff's work. The plaintiff commenced this action against Gottbetter and Malabre, alleging, among other things, that Gottbetter breached the contract by failing to compensate it for its work, and that Malabre fraudulently induced it to enter into the contract with Gottbetter. The defendants separately moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them. Gottbetter argued that the plaintiff was an unlicensed home improvement contractor, and thus the complaint failed to state a cause of action against him. Malabre argued that the complaint failed to state a cause of action against him to recover damages for conversion, fraud in the inducement, and tortious interference with contractual rights. The Supreme Court granted those branches of the separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the movants. We affirm.

"An unlicensed contractor may neither enforce a home improvement contract against an owner nor seek recovery in quantum meruit" (*J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741 [2009] [internal quotation marks omitted]; *see B & F Bldg. Corp. v Liebig*, 76 NY2d 689, 691 [1990]; *Quick Start Constr. Corp. v Staiger*, 77 AD3d 900 [2010]; *Flax v Hommel*, 40 AD3d 809, 810 [2007]). Since the plaintiff was unlicensed and therefore failed to plead possession of a valid home improvement contracting license (*see* CPLR 3015 [e]; Administrative Code of City of NY §20-387 [a]), the Supreme Court properly granted that branch of Gottbetter's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, alleging causes of action to recover damages for breach of contract (first cause of action), in quantum meruit (second cause of action), on an account stated (third cause of action), and for unjust enrichment (fourth cause of action) (*see J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d at 741; *Flax v Hommel*, 40 AD3d at 810). The plaintiff contends that it was not required to possess a license, because it was Malabre's subcontractor and did not enter into a contract with Gottbetter. This contention directly contradicts the allegations in the plaintiff's verified complaint (*see Schuit v Tree Line Mgt. Corp.*, 46 AD3d 405, 406 [2007]; *LeBreton v Weiss*, 256 AD2d 47, 47-48

[1998]), and, in any event, is without merit. The Administrative Code of the City of New York requires all home improvement contractors to be licensed, whether they are prime contractors or subcontractors with respect to the owner (*see* Administrative Code of City of NY § 20-386 [5], [6]; § 20-387 [a]; *Sun Sys. Prefabricated Solar Greenhouses v Syz*, 138 AD2d 284, 284-286 [1988]; *cf. Price v Close*, 302 AD2d 374, 375 [2003]). Accordingly, the Supreme Court properly held that Gottbetter was entitled to dismissal of the complaint insofar as asserted against him.

Moreover, the Supreme Court properly granted that branch of Malabre's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, alleging causes of action to recover damages for conversion (fifth cause of action), fraud in the inducement (sixth cause of action), and tortious interference with contractual rights (seventh cause of action).

Accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the complaint fails to state a cause of action to recover damages for conversion against Malabre. "Although the plaintiff alleged a contractual right to payment for renovation work it performed on premises owned by [Gottbetter], it never had ownership, possession, or control of" the funds allegedly converted by Malabre (*Castaldi v 39 Winfield Assoc.*, 30 AD3d 458, 458-459 [2006]; *see Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1006 [2009]; *Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454 [2003]).

Further, the court properly held that the plaintiff's cause of action alleging fraud in the inducement should be dismissed. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). CPLR 3016 (b) requires that "the circumstances of the fraud must be stated in detail, including specific dates and items" (*Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010] [internal quotation marks omitted]). The plaintiff did not set forth the time or place of Malabre's alleged misrepresentation (*see Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691, 692 [2010]; *Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222 [1994]), and failed to properly plead the elements of misrepresentation of a material fact and justifiable reliance with specificity (*see Brualdi v IBERIA, Lineas Aereas*

*de España, S.A.*, 79 AD3d 959, 960-961 [2010]; *Couri v Westchester Country Club*, 186 AD2d 712, 714 [1992]).

The Supreme Court also properly held that the cause of action to recover damages for tortious interference with contractual rights should be dismissed, since the plaintiff failed to adequately plead the existence of a valid contract between the plaintiff and Gottbetter, and that Malabre intentionally procured Gottbetter's breach of that contract (*see Dune Deck Owners Corp. v Liggett*, 85 AD3d 1093, 1095 [2011]; *J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d at 741; *see also Jaffe v Gordon*, 240 AD2d 232 [1997]). To the extent that this cause of action may be construed as one to recover damages for tortious interference with business relations, the plaintiff failed to allege that Malabre used wrongful means to interfere with the plaintiff's relationship with Gottbetter, or that his motive was solely to harm the plaintiff (*see Habitat, Ltd. v Art of the Muse, Inc.*, 81 AD3d 594, 595 [2011]; *see also Carvel Corp. v Noonan*, 3 NY3d 182, 189-191 [2004]). Similarly, to the extent that the complaint asserted a cause of action to recover in quantum meruit against Malabre, it failed to adequately plead the cause of action, as it did not allege that Malabre accepted services from the plaintiff or that the plaintiff "had a reasonable expectation of compensation from [Malabre]" (*Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 489 [2009]). Accordingly, the Supreme Court properly granted that branch of Malabre's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

The plaintiff's remaining contentions are improperly raised for the first time on appeal or without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur. **[Prior Case History: 28 Misc 3d 1212(A), 2010 NY Slip Op 51297(U).]**