■ LEVENT OZKURT, Respondent, v HYATT REALTY, LLC, et al., Appellants. [985 NYS2d 899]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated July 5, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) and 3015 (e) to dismiss the causes of action to recover damages for breach of contract and in quantum meruit for materials and labor.

Ordered that the order is affirmed insofar as appealed from, with costs.

Viewing the allegations in the complaint in the light most favorable to the plaintiff, it can be inferred that the plaintiff was simply managing or supervising the work performed at the subject building, and did not at any time hold himself out as operating a home improvement business (see Sokol v Leader, 74 AD3d 1180, 1181 [2010]; Dickson v Bonistall, 19 AD3d 640 [2005]). Therefore, since the complaint can be read as alleging that the plaintiff was not a home improvement contractor subject to licensing within the meaning of Administrative Code of the City of New York § 20-387, he was not required to allege compliance with the licensing requirement (cf. ENKO Constr. Corp. v Aronshtein, 89 AD3d 676, 677 [2011]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the causes of action to recover damages for breach of contract and in quantum meruit for materials and labor in renovating the subject building. Eng, P.J., Skelos, Dillon and Duffy, JJ., concur.