■ HOLISTIC HOMES, LLC, Appellant, v ALAN B. GREENFIELD, Respondent, et al., Defendant. [27 NYS3d 892]—

In an action to foreclose a mechanic's lien, the plaintiff ap-

peals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered April 25, 2014, as granted that branch of the motion of the defendant Alan B. Greenfield which was pursuant to CPLR 3211 (a) (7) and 3015 (e) to dismiss the complaint insofar as asserted against him and to vacate the subject mechanic's lien.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" 'An unlicensed contractor may neither enforce a home improvement contract against an owner nor seek recovery in quantum meruit' " (*J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741 [2009], quoting *Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264, 266 [1995]; *see ENKO Constr. Corp. v Aronshtein*, 89 AD3d 676, 677 [2011]). "Pursuant to CPLR 3015 (e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover in quantum meruit for home improvement services is subject to dismissal under CPLR 3211 (a) (7) if it does not allege compliance with the licensing requirement" (*ENKO Constr. Corp. v Aronshtein*, 89 AD3d at 677; *see Westchester Stone, Sand & Gravel v Marcella*, 262 AD2d 403, 404 [1999]).

Here, the complaint did not allege that the plaintiff was duly licensed in Nassau County at the time of the services rendered (*see* Nassau County Administrative Code § 21-11.2). Moreover, in opposition to the motion of the defendant Alan B. Greenfield (hereinafter the defendant), the plaintiff conceded that it did not possess the necessary license. Therefore, the plaintiff was not entitled to enforce its contract against the defendant or to recover in quantum meruit (*see ENKO Constr. Corp. v Aronshtein*, 89 AD3d at 677; *Flax v Hommel*, 40 AD3d 809, 810 [2007]; *cf. Ozkurt v Hyatt Realty, LLC*, 117 AD3d 926, 926 [2014]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) and 3015 (e) to dismiss the complaint insofar as asserted against him and to vacate the mechanic's lien. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.