Kristeel, Inc. v Seaview Dev. Corp. (2018 NY Slip Op 07296)





Kristeel, Inc. v Seaview Dev. Corp.


2018 NY Slip Op 07296


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-10061
 (Index No. 609220/15)

[*1]Kristeel, Inc., respondent, 
v
Seaview Development Corp., et al., appellants.


Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellants.
Pinks, Arbeit & Nemeth, Hauppauge, NY (Teresa A. White of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendants appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated July 19, 2016. The order denied the defendants' motion pursuant to, inter alia, CPLR 3211(a)(7) to dismiss the complaint and to vacate the subject mechanic's lien.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint and to vacate the subject mechanic's lien is granted.
On October 3, 2014, the plaintiff, a steel subcontractor, entered into a contract with the defendant Seaview Development Corp. (hereinafter Seaview), a general contractor, to furnish work, labor, services, and materials for the improvement of certain residential property located in the Town of East Hampton, owned by the defendant 14 Fieldview, LLC. According to the plaintiff, although it performed the work, Seaview failed to pay the full contract price. The plaintiff filed a mechanic's lien against the property and commenced this action to recover the balances it claimed it was owed and to foreclose on the mechanic's lien. The defendants moved pursuant to, inter alia, CPLR 3211(a)(7) to dismiss the complaint and to vacate the mechanic's lien, asserting that, since the plaintiff lacked a home improvement contracting license to perform the work on the property, it could not enforce the contract. Additionally, the defendants contended that, since the plaintiff was unlicensed, the subject mechanic's lien was invalid on its face and should, therefore, be vacated. The Supreme Court denied the defendants' motion, and the defendants appeal.
"Pursuant to CPLR 3015(e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover in quantum meruit for home improvement services is subject to dismissal under CPLR 3211(a)(7) if it does not allege compliance with the licensing requirement" (ENKO Constr. Corp. v Aronshtein, 89 AD3d 676, 677; see Holistic Homes, LLC v Greenfield, 138 AD3d 689, 690; Westchester Stone, Sand & Gravel v Marcella, 262 AD2d 403, 404). Moreover, a home improvement contractor who fails to possess and plead possession of a valid license as required by relevant laws may not commence an action to foreclose a mechanic's lien (see Nicotra v Manger, 64 AD3d 547).
Here, the complaint did not allege that the plaintiff was duly licensed in the Town of East Hampton at the time the services were rendered (see Town Code of the Town of East Hampton [hereinafter Town Code] § 156-4). Moreover, in opposition to the defendants' motion, the plaintiff did not dispute that it did not possess the necessary license. The plaintiff's contention that the work it performed was not for home improvement but, rather, was for the construction of a new home for which a home improvement contracting license was not necessary, is without merit. The Town Code defines "home improvement" as including, inter alia, "[n]ew home construction" (Town Code § 156-3). Moreover, contrary to the plaintiff's contention, the defendants are entitled to the protection of CPLR 3015(e) and the applicable licensing requirements (see Town Code §§ 156-2, 156-3; Lorenzo Marble & Tile v Meves, 236 AD2d 448, 449). Accordingly, the Supreme Court should have granted the defendants' motion (see Holistic Homes, LLC v Greenfield, 138 AD3d at 690; ENKO Constr. Corp. v Aronshtein, 89 AD3d at 678; Nicotra v Manger, 64 AD3d at 548; Flax v Hommel, 40 AD3d 809, 810; Lorenzo Marble & Tile v Meves, 236 AD2d at 449).
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court