<partyblock>

James Cooper, Respondent,

against

Natalie White, Appellant.

Natalie White, appellant pro se.

James Cooper, respondent pro se.

Appeal from a judgment of the City Court of Long Beach, Nassau County (Corey E. Klein, J.), entered October 25, 2017. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $1,250.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the action is dismissed.

In this small claims action, plaintiff seeks to recover the principal sum of $2,210 for breach of contract, and defendant counterclaims to recover the principal sum of $5,000. At a nonjury trial, plaintiff testified that defendant hired him to undertake repairs involving sanding the floors and staircase railing, and replacing some damaged portion of the floors in defendant's home. Defendant testified that plaintiff is not licensed by Nassau County to do home improvement contracting work. Plaintiff failed to establish that he is a licensed home improvement contractor. As limited by her brief, defendant appeals from so much of a judgment of the City Court as awarded plaintiff the principal sum of $1,250.

In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).

Where, as here, a contractor seeks to recover for work done on a homeowner's staircase and floors in Nassau County, the contractor is required to be a licensed home improvement contractor (see CPLR 3015 [e]; Nassau County Administrative Code  21-11.1 [3]; 21-11.2; ENKO Constr. Corp. v Aronshtein, 89 AD3d 676 [2011]; Clean & Clear Pool Corp. v Overlander, 46 Misc 3d 137[A], 2015 NY Slip Op 50065[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). As plaintiff failed to establish that he was licensed to perform the home improvement work, the action should have been dismissed (see Orchid Constr. Corp. v Gottbetter, 89 AD3d 708 [2011]; Orchid Constr. Corp. v Gonzalez, 89 AD3d 705 [2011]; Orchid Constr. Corp. v Tablada, 36 Misc 3d 138[A], 2012 NY Slip Op 51446[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).

In view of the foregoing, the award in favor of plaintiff failed to render substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807; Ross, 269 AD2d 584; Williams, 269 AD2d 125).

Accordingly, the judgment, insofar as appealed from, is reversed and the action is dismissed.

ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 13, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>