KST2 Props., LLC v Pretee Constr. Co., Inc. (2021 NY Slip Op 01403)





KST2 Props., LLC v Pretee Constr. Co., Inc.


2021 NY Slip Op 01403


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-10153
 (Index No. 7806/18)

[*1]KST2 Properties, LLC, appellant,
v
Pretee Construction Co., Inc., et al., respondents.


Razis & Ross, P.C., Astoria, NY (George J. Razis of counsel), for appellant.
Pardalis & Nohavicka, LLP, Astoria, NY (Joseph D. Nohavicka of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 1, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's cross motion which were pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's cross motion which were pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims alleging unjust enrichment and conversion, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The Supreme Court erred in denying those branches of the plaintiff's cross motion which were pursuant to CPLR 3211(a)(7) to dismiss the defendants' second and third counterclaims, which alleged unjust enrichment and conversion, respectively.
On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), the court "must accept [the] facts as alleged . . . and submissions in opposition [as true], accord [the pleading party] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs. Inc., 20 NY3d 59, 63 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
Here, as part of their second counterclaim alleging unjust enrichment, the defendants alleged in relevant part that the "[p]laintiff failed to submit the payments as required by the contract." The defendants thereby acknowledged that there is a contract which governs the subject matter, and "an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389).
Further, with respect to their third counterclaim, alleging conversion, since the defendants failed to allege that they had ownership, possession, or control of the funds allegedly [*2]converted, the defendants have asserted nothing more than a "contractual right to payment" which cannot serve as the basis for a conversion counterclaim (Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 710; Daub v Future Tech Enter., Inc., 65 AD3d 1004, 1006).
The parties' remaining contentions are without merit.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court