Williams v Citigroup, Inc. (2023 NY Slip Op 00752)

Williams v Citigroup, Inc.

2023 NY Slip Op 00752

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, JJ. 

Index No. 650481/10 Appeal No. 17290 Case No. 2021-04291 

[*1]Linda Grant Williams, Plaintiff-Appellant,
v
Citigroup, Inc., et al., Defendants-Respondents.

Kirby McInerney LLP, New York (Daniel Hume of counsel), for appellant.
Cleary Gottlieb Steen & Hamilton LLP, New York (Carmine D. Boccuzzi of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Crane, J.), entered October 27, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants, underwriters of airline specialty facility bonds (ASFBs) to finance the construction of municipal airports, established, prima facie, that they did not violate the Donnelly Act (General Business Law § 340 et seq.) by conspiring to boycott a structure that plaintiff, an experienced structured finance attorney, developed and patented for ASFBs. Deposition testimony of representatives of defendants' banks and their airlines clients that would have to agree to implementing plaintiff's structure, along with emails and expert reports, demonstrate that defendants' clients independently considered and rejected plaintiff's structure out of legitimate concerns for the time and expense involved versus the potential benefit of a lower interest rate. Accordingly, the evidence relied upon by defendants does not give rise to the inference that they conspired to boycott plaintiff's structure.
In opposition, plaintiff failed to raise a triable issue of fact as to the necessary element of concerted action among defendants "in the form of a conscious commitment to a common scheme designed to achieve an unlawful objective" (Anderson News, L.L.C. v American Media, Inc., 899 F3d 87, 97 [2d Cir 2018] [internal quotation marks omitted], cert denied 139 S Ct 1375 [2019]). Contrary to plaintiff's contention, the motion court applied the proper standard in stating that, in the absence of direct evidence of a conspiracy, plaintiff had to point to evidence that "tends to exclude the possibility that the alleged conspirators were acting independently" (Home Town Muffler v Cole Muffler, 202 AD2d 764, 766 [3d Dept 1994], citing Monsanto Co. v Spray-Rite Serv. Corp., 465 US 752 [1984]; see also Matsushita Elec. Indus. Co., Ltd. v Zenith Radio Corp., 475 US 574, 588 [1986]). Plaintiff failed to submit evidence from which an unlawful arrangement could be inferred (see PharmacyChecker.com, LLC v National Assn. of Bds. of Pharmacy, 530 F Supp 3d 301, 336 [SD NY 2021]). Notably, defendants JP Morgan and Goldman Sachs actively marketed plaintiff's structure to clients with no success, undermining plaintiff's claim that they had a motive to participate in a boycott of the structure.
Plaintiff's claims for tortious interference with prospective business advantage were also properly dismissed. Plaintiff's claim against defendant Citigroup, that it leveraged its relationship with Pillsbury Winthrop Shaw Pittman LLP to terminate her employment, was not time-barred. The statute of limitations was tolled when plaintiff properly commenced the action in federal court pursuant to 28 USC § 1367(a), and her voluntary dismissal of her supplemental state claims "without prejudice" after filing this action permitted her to avail herself of the saving provision of CPLR 205(a) (see 28 USC[*2]§ 1367[d]; CPLR 205[a]; Bailey v Brookdale Univ. Hosp. & Med. Ctr., 292 AD2d 328, 329 [2d Dept 2002]). However, defendants made out their prima facie case in support of dismissal, and plaintiff failed to raise a triable issues of fact as to whether defendants engaged in the wrongful conduct necessary to tortiously interfere with either plaintiff's employers or potential clients (see Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023