Cunningham v Nolte (2020 NY Slip Op 06493)





Cunningham v Nolte


2020 NY Slip Op 06493


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-00450
 (Index No. 34703/18)

[*1]Michael L. Cunningham, respondent,
v
Lisa A. Nolte, appellant. Ellen O'Hara Woods, New City, NY, for appellant.


Daniel E. Bertolino, P.C., Nyack, NY (Laurie A. Dorsainvil of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendant appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated December 7, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to foreclose a mechanic's lien, to recover damages for breach of contract, and to recover in quantum meruit, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2018, the plaintiff commenced this action against the defendant, alleging that the parties had cohabited and shared an intimate relationship over a period of approximately two years, and that the plaintiff had performed extensive home improvement contracting work on the defendant's residence in Rockland County during that period in reliance on the defendant's promise that he would be reimbursed for the work following the impending sale of the residence. Claiming that the defendant had subsequently reneged on their arrangement, the plaintiff sought to foreclose a mechanic's lien he had filed against the residence, to recover damages for breach of contract, to recover in quantum meruit, and to impose a constructive trust over the residence. The defendant thereafter moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action on the ground, among others, that the plaintiff was not a licensed home improvement contractor in Rockland County. The Supreme Court denied the motion. We modify.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be liberally construed, giving the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88). "Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action" (Hartman v Morganstern, 28 AD3d 423, 424). Applying these principles here, we conclude that the Supreme Court should not have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to foreclose a mechanic's lien, to recover damages for breach of contract, and to recover in quantum meruit.
"Pursuant to CPLR 3015(e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover in quantum meruit for home improvement services is subject to dismissal under CPLR 3211(a)(7) if it does not allege compliance with the licensing requirement" (ENKO Constr. Corp. v Aronshtein, 89 AD3d 676, 677; see Kristeel, Inc. v Seaview Dev. Corp., 165 AD3d 1243, 1244; Holistic Homes, LLC v Greenfield, 138 AD3d 689, 690; Westchester Stone, Sand & Gravel v Marcella, 262 AD2d 403, 404). "The legislative intent to protect residential homeowners places the burden unequivocally on the contractor to ensure that the license requirements are strictly complied with" (Michael D. Canuso Constr. v Rogers, 267 AD2d 218, 219; see Nicotra v Manger, 64 AD3d 547, 548). "Moreover, a home improvement contractor who fails to possess and plead possession of a valid license as required by relevant laws may not commence an action to foreclose a mechanic's lien" (Kristeel, Inc. v Seaview Dev. Corp., 165 AD3d at 1244; see Nicotra v Manger, 64 AD3d at 547).
We reject the plaintiff's contention that the licensing requirement of CPLR 3015(e) did not apply herein. According to the plaintiff's allegations, he clearly engaged in home improvement contracting work, and he conceded that the cause of action to foreclose a mechanic's lien could not survive the defendant's challenge pursuant to CPLR 3211(a)(7) because he was not a licensed home improvement contractor in Rockland County. Moreover, the complaint did not allege that he was duly licensed in Rockland County during the relevant time period (see Code of the County of Rockland, chapter 286, § 3), and the plaintiff never disputed that he did not possess the necessary license. Thus, the causes of action to foreclose a mechanic's lien, to recover damages for breach of contract, and to recover in quantum meruit should have been dismissed pursuant to CPLR 3211(a)(7) (see Holistic Homes, LLC v Greenfield, 138 AD3d at 690; J.M. Bldrs. & Assoc., Inc. v Lindner, 67 AD3d 738, 741).
However, we agree with the Supreme Court that the complaint adequately pleaded the elements of a cause of action to impose a constructive trust over the residence, thus warranting the denial of that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss that cause of action (see Sharp v Kosmalski, 40 NY2d 119, 121; Williams v Lynch, 245 AD2d 715, 716; Gottlieb v Gottlieb, 166 AD2d 413, 414; Washington v Defense, 149 AD2d 697, 698; Lester v Zimmer, 147 AD2d 340, 341-342).
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court