Scarola Zubatov Schaffzin PLLC v Dynamic Credit Partners, LLC (2022 NY Slip Op 06772)

Scarola Zubatov Schaffzin PLLC v Dynamic Credit Partners, LLC

2022 NY Slip Op 06772

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 656966/19 Appeal No. 16730-16730A Case No. 2022-02710, 2022-03140 

[*1]Scarola Zubatov Schaffzin PLLC, Plaintiff-Appellant,
v
Dynamic Credit Partners, LLC et al., Defendants-Respondents.

Scarola Zubatov Schaffzin PLLC, New York (Alexander Zubatov of counsel), for appellant.
Timothy Cone, New York, for respondents.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered January 19, 2022, denying plaintiff's motion to consolidate a pending Civil Court action with this action and granting defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion except as to the cause of action for unjust enrichment, the judgment vacated, the complaint reinstated except as to the cause of action for unjust enrichment, and plaintiff's motion granted. Appeal from order, same court and Justice, entered on or about December 29, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff law firm commenced a breach of contract action in Civil Court to recover approximately $10,000 in unpaid legal fees from defendant Dynamic Credit Partners, LLC, its former client. Dynamic moved to dismiss the complaint or for summary judgment. Plaintiff moved for leave to file an amended complaint that alleged that Dynamic's principal, James K. Finkel, fraudulently mislead it in an attempt to reduce the legal fees owed. Civil Court denied both motions. Addressing the motion to amend, the court concluded that any claims against Finkel would be premised on piercing the corporate veil, a form of equitable relief that was not available in that forum.
Plaintiff subsequently commenced this Supreme Court action against Dynamic and Finkel, asserting causes of action for fraud and unjust enrichment. The complaint principally alleged that in the Civil Court action, Finkel had claimed that plaintiff voluntarily agreed to waive its unpaid legal fees and, although that was not true, if the court found such agreement, it was void because plaintiff entered into the agreement in reliance on Finkel's fraudulent misrepresentation that he had been unable to secure reimbursement of plaintiff's fees from third parties.
Summary judgment should not have been granted to defendants. Contrary to the court's finding, plaintiff could show reliance in support of its fraud cause of action (see generally Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 537 [1st Dept 2016], affd 29 NY3d 137 [2017]). To the extent defendants assert that plaintiff's cause of action for fraud cannot be pleaded in the alternative to its breach of contract claim because that claim was asserted in a separate Civil Court proceeding, the argument is unavailing. As plaintiff notes, Civil Court's order denying its motion to amend effectively barred it from asserting its fraud cause of action in that forum.
Supreme Court properly determined that the fraud cause of action was not duplicative of the breach of contract cause of action. The fraud claim was based on a misrepresentation made in violation of a duty collateral to the fee contract (e.g. Shear Enters., LLC v Cohen, 189 AD3d 423, 424 [1st Dept 2020]; cf. MaÑas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008] ["general allegations that defendants entered into a contract [*2]while lacking the intent to perform it" are insufficient to support a fraud claim (alterations omitted)]). Because plaintiff's fraud cause of action was collateral to the fee contract, plaintiff was entitled to maintain it in the alternative to the breach of contract cause of action, regardless of whether the causes of action sought the same damages (e.g. Shear Enters., 189 AD3d at 424; see also Man Advisors, Inc. v Selkoe, 174 AD3d 435 [1st Dept 2019]).
However, the unjust enrichment cause of action was correctly dismissed, as it is undisputed that the parties' express agreement governs plaintiff's entitlement to fees. Rather, the parties dispute whether plaintiff waived the unpaid portion of the fees, and, if such waiver did occur, whether that waiver was induced by fraud. In the event it is proven that there was a wavier and that it was fraudulently induced, the sum plaintiff seeks will be recoverable as damages for fraud, not as unjust enrichment.
Although Supreme Court did not reach the issue, we find that consolidation is appropriate and warranted (see CPLR 602). This action and the Civil Court action involve common questions of law and fact, namely whether plaintiff's claim to the unpaid fees has been waived through contract modification, novation, or otherwise. Consolidation of the actions in Supreme Court will serve judicial economy by streamlining discovery and guarding against inconsistent findings and determinations.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022