Thomas Lavin Constr., LLC v Epstein (2024 NY Slip Op 02218)

Thomas Lavin Constr., LLC v Epstein

2024 NY Slip Op 02218

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-02533
 (Index No. 603075/20)

[*1]Thomas Lavin Construction, LLC, appellant,
v
Harry Epstein, respondent.

Lakis Law, LLC, Garden City, NY (Dean Lakis of counsel), for appellant.
Silliman Law P.C., Manorville, NY (Catherine Silliman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 3, 2022. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3015(e) and 3211(a)(7), in effect, to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly performed home improvement work from January 2018 to September 2018, on the defendant's residence located in Southampton pursuant to the terms of a contract. The defendant allegedly failed to pay the full amount due under the contract. In February 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and unjust enrichment, and to recover in quantum meruit.
The defendant moved pursuant to CPLR 3015(e) and 3211(a)(7), in effect, to dismiss the amended complaint on the ground that the plaintiff was not properly licensed by Suffolk County and Southampton. The plaintiff opposed the motion on the ground that it was in compliance with licensing requirements.
In an order dated March 3, 2022, the Supreme Court, among other things, granted the defendant's motion pursuant to CPLR 3015(e) and 3211(a)(7), in effect, to dismiss the amended complaint. The plaintiff appeals.
Pursuant to CPLR 3015(e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover under a quasi-contractual theory for home improvement services is subject to dismissal under CPLR 3211(a)(7) if it does not allege compliance with the licensing requirement (see Cunningham v Nolte, 188 AD3d 806, 807; Emergency Restoration Servs. Corp. v Corrado, 109 AD3d 576, 577; ENKO Constr. Corp. v Aronshtein, 89 AD3d 676, 677). Code of Suffolk County § 563-17(A) provides that "[i]t is unlawful for any person to engage in any business as a home improvement contractor without obtaining a license . . . from the office."
Here, the amended complaint did not allege that the plaintiff was licensed by Suffolk County. Moreover, the plaintiff has not proffered any evidence that it was licensed by Suffolk [*2]County at any time relevant to this action.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3015(e) and 3211(a)(7), in effect, to dismiss the amended complaint (see Cunningham v Nolte, 188 AD3d at 808; Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 710).
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court