Sleepyheadsyo, LLC v Ilias Inc. (2025 NY Slip Op 50600(U))

[*1]

Sleepyheadsyo, LLC v Ilias Inc.

2025 NY Slip Op 50600(U)

Decided on April 21, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 21, 2025
Supreme Court, Westchester County

Sleepyheadsyo, LLC, Plaintiff,

against
Ilias Inc., ILIAS PICTURES INC., JAMES HILGER, and SYBIL HILGER a/k/a SYBIL KOLLAPPALLIL, Defendants.

Index No. 55215/2025

Fox Rothschild LLP
Attorneys for Plaintiff
101 Park Avenue
New York, New York 10178
Pardalis & Nohavicka, LLP
Attorneys for Defendants
950 Third Avenue, 11th Floor
New York, New York 10022

Linda S. Jamieson, J.

The following papers numbered 1 to 7 were read on the motion (seq. no. 1) by defendants Ilias Inc. ("Ilias"), Ilias Pictures Inc. ("Ilias Pictures"), James Hilger ("James") and Sybil Hilger a/k/a Sybil Kollappallil ("Sybil") (collectively, "defendants") for an Order: (1) pursuant to CPLR § 3211(a)(7) dismissing the Complaint for failure to state a cause of action; (2) pursuant to CPLR §§ 2004 and 3012(d) extending Ilias's time to appear and respond to the Complaint; and (3) pursuant to CPLR § 3211(a)(8) dismissing the Complaint as against Ilias Pictures for lack of [*2]personal jurisdiction and improper service: 
Papers Numbered
Verified Complaint 1
Notice of Motion 2
Affirmations and Exhibits in Support 3
Memorandum of Law in Support 4
Affirmations and Exhibits in Opposition 5
Memorandum of Law in Opposition 6
Memorandum of Law in Reply 7
The following papers numbered 1 to 5 were read on the cross-motion (seq. no. 2) by plaintiff Sleepyheadsyo, LLC ("plaintiff") for an Order: (1) pursuant to CPLR § 3215 granting plaintiff a default judgment as against Ilias; and (2) pursuant to CPLR § 306-b granting plaintiff an additional 60 days until July 6, 2025 to serve Ilias Pictures: 
Papers Numbered
Notice of Cross-Motion 1
Affirmations and Exhibits in Support 2
Memorandum of Law in Support 3
Memorandum of Law in Opposition 4
Memorandum of Law in Reply 5
RELEVANT BACKGROUND
This action arises from a dispute in connection with plaintiff's alleged agreement to finance an independent film produced by defendants. In sum and substance, the Verified Complaint dated January 2, 2025 (the "Complaint") alleges that in 2019, plaintiff's managing member, non-party Americo Nardis ("Nardis"), was approached by his childhood friend, James, regarding a screenplay that James had written. See NYSCEF Doc. No. 1 at ¶¶ 1-34. It alleges that the movie was entitled "Sleepyhead" and that James proposed that non-party Lillo Brancato, an actor who had grown up in the same neighborhood as James and Nardis, would headline the film. Id. The Complaint alleges that following extensive discussions, the parties agreed on June 5, 2021 that plaintiff would finance the movie for $62,500, which movie would be produced collectively by James and his wife, Sybil, as well as Ilias and Ilias Pictures, two entities in which James is the sole shareholder. Id. It further alleges that despite initially agreeing upon a $62,500 budget for the film, defendants "duped" plaintiff into investing a total of $130,000 in an incomplete and "worthless" movie that cannot be distributed nor released. Id. The Complaint alleges that defendants not only breached their agreement to produce the film, but that they fraudulently induced plaintiff into financing a project that defendants never intended to complete, and for which defendants were unjustly enriched in the amount of at least $130,000. Id.
Based upon the foregoing general allegations as detailed in the Complaint, plaintiff asserts: (1) a first cause of action for breach of contract against Ilias, Ilias Pictures and James; (2) a second cause of action for fraud against all defendants; and (3) a third cause of action for unjust enrichment against all defendants. Id. at ¶¶ 35-54.
Defendants move (seq. no. 1) for an Order: (1) pursuant to CPLR § 3211(a)(7) dismissing [*3]the Complaint for failure to state a cause of action; (2) pursuant to CPLR §§ 2004 and 3012(d) extending Ilias's time to appear and respond to the Complaint; and (3) pursuant to CPLR § 3211(a)(8) dismissing the Complaint as against Ilias Pictures for lack of personal jurisdiction and improper service. See NYSCEF Doc. Nos. 5-11. Defendants argue, inter alia, that the Complaint's three causes of action should be dismissed pursuant to CPLR § 3211(a)(7), as plaintiff has failed to state claims for breach of contract and fraud, and the third cause of action for unjust enrichment is "duplicative of" plaintiff's breach of contract claim. See NYSCEF Doc. No. 6 at pp. 4-17. Defendants also contend that Ilias's time to appear and respond to the Complaint should be extended, as Ilias was first served by way of the Secretary of State on January 10, 2025, such that its initial deadline to respond to the Complaint was February 10, 2025. Id. at pp. 17-19. Despite defendants' counsel contacting plaintiff's counsel on February 18, 2025 to request a brief extension of Ilias's time to respond to the Complaint, defendants assert that plaintiff's counsel unreasonably refused their request for a professional courtesy extension. Id. Defendants also argue that Ilias Pictures is an unregistered entity that plaintiff has failed to serve and over which this Court lacks personal jurisdiction; and that as such the action should be dismissed as against Ilias Pictures pursuant to CPLR § 3211(a)(8). Id. at p. 19.
Plaintiff opposes the motion and cross-moves (seq. no. 2) for an Order: (1) pursuant to CPLR § 3215 granting plaintiff a default judgment as against Ilias; and (2) pursuant to CPLR § 306-b granting plaintiff an additional 60 days until July 6, 2025 to serve Ilias Pictures. See NYSCEF Doc. Nos. 15-26. Plaintiff contends, inter alia, that the Complaint states three valid causes of action that are not subject to CPLR § 3211(a)(7) dismissal, and that the third cause of action for unjust enrichment is not duplicative of the breach of contract claim given that defendants dispute the validity of the parties' agreement. See NYSCEF Doc. No. 26 at pp. 5-16. Plaintiff also argues that because Ilias's time to respond to the Complaint expired on February 10, 2025, and defendants' counsel belatedly contacted plaintiff's counsel for an extension on February 18, 2025, plaintiff should be awarded a default judgment against Ilias pursuant to CPLR § 3215. Id. at pp. 16-18. Plaintiff further asserts that it has been making consistent and diligent efforts to serve Ilias Pictures but has thus far been unsuccessful; and that good cause exists for plaintiff to receive a 60-day extension of time pursuant to CPLR § 306-b. Id. at pp. 18-20.
DEFENDANTS' CPLR § 3211(A)(7) MOTION TO DISMISS
Regarding a motion to dismiss pursuant to CPLR § 3211(a)(7), it is well-established that "the complaint must be liberally construed, giving the plaintiff the benefit of every favorable inference." Cunningham v Nolte, 188 AD3d 806, 807 (2d Dept 2020), citing Leon v Martinez, 84 NY2d 83, 87-88 (1994). "Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action." Cunningham, 188 AD3d at 807, citing Hartman v Morganstern, 28 AD3d 423, 424 (2d Dept 2006). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." 511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 (2002).
Having reviewed the parties' submissions, and without opining regarding whether [*4]plaintiff may ultimately prevail on the merits of its claims,[FN1]
the Court determines that plaintiff's Complaint states three valid causes of action that are not subject to dismissal pursuant to CPLR § 3211(a)(7).
Concerning the first cause of action for breach of contract, "[t]he essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages." Blank v Petrosyants, 203 AD3d 685, 688 (2d Dept 2022). 
A review of the Complaint demonstrates that plaintiff has adequately stated a claim for breach of contract. See NYSCEF Doc. No. 1 at ¶¶ 35-40. Specifically, plaintiff alleges that by writing dated June 5, 2021, plaintiff agreed to pay $62,500 to James, Ilias and Ilias Pictures in exchange for those defendants' agreement to produce and furnish a finished and distributable film entitled "Sleepyhead"; and that a series of e-mail and text messages from June 2021 through June 2023 further confirmed the parties' ongoing agreement. Id. It alleges that plaintiff performed its contractual obligations by paying $62,500 to these defendants, but they materially breached the agreement by failing to produce the film as promised. Id. Specifically, it alleges that the version of "Sleepyhead" furnished to plaintiff was "in total disarray," as it was not finished, not distributable, and did not satisfy the legal clearances that would be required by any film distributor. Id. It further alleges that despite the initial $62,500 contract price, plaintiff paid a total of $130,000 to James, Ilias and Ilias Pictures in response to their repeated requests for additional sums to produce the film; and plaintiff has accordingly suffered damages of at least $130,000. Id. 
Based upon the foregoing, the Court does not credit defendants' assertion that plaintiff's breach of contract claim is "conclusory" and purportedly fails "to even establish the existence of an agreement between the parties." See NYSCEF Doc. No. 6 at pp. 4-13. Rather, defendants' assertion is belied by the detailed allegations in plaintiff's Complaint, which adequately state a claim for breach of contract for purposes of surviving a CPLR § 3211(a)(7) motion. See Winston Salem RI LLC v Ladder Capital Fin. LLC, 217 AD3d 555, 556 (1st Dept 2023) (stating that "there is no heightened pleading requirement for breach of contract claims and plaintiff need not cite the specific provisions of the contract it alleged was violated to avoid dismissal"); CSC Holdings, LLC v Samsung Elecs. Am., Inc., 192 AD3d 556, 556 (1st Dept 2021) (holding that where the terms of an agreement may be "subject to differing interpretations [it] cannot be resolved on a pre-answer motion to dismiss. The court's role is not to determine whether the plaintiff will ultimately be successful on the claim"); Vectron Intl., Inc. v Corning Oak Holding, Inc., 106 AD3d 1164, 1165 (3d Dept 2013) (stating that "[i]n the context of a motion to dismiss, if the contract's language is ambiguous, then the motion must be denied to permit the parties to discover and present extrinsic evidence of the parties' intent"). 
Nor does the Court agree with defendants that plaintiff's claim must be dismissed because it did not furnish a copy of the agreement with the Complaint. See First Class Concrete Corp. v Rosenblum, 167 AD3d 989, 990 (2d Dept 2018) (noting that "[c]ontrary to the defendants' [*5]contention, the plaintiff was not required to attach a copy of the contract or plead its terms verbatim"); 12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 (3d Dept 2015) (holding that "[p]laintiff was not required to attach a copy of the contract or plead its terms verbatim, and we find that the allegations contained in the amended complaint were sufficient to provide defendant with adequate notice of plaintiff's claim") (internal citations omitted).
Therefore, the branch of defendants' motion seeking to dismiss the first cause of action pursuant to CPLR § 3211(a)(7) is denied. See Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 697 (2d Dept 2021) (holding that the Supreme Court "properly denied dismissal of [defendant's] cross claim alleging breach of contract . . . which was sufficiently pleaded"); Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770-771 (2d Dept 2017) (stating that the Supreme Court erred in dismissing a breach of contract claim pursuant to CPLR § 3211[a][7] where the allegations "were sufficient to state a cause of action to recover damages for breach of contract"); Russo v Rozenholc, 130 AD3d 492, 495 (1st Dept 2015) (holding that "[a]s to the breach of contract claim, the IAS court properly denied the motion to dismiss that claim"); see also Newmark & Co. Real Estate Inc. v 2615 E. 17 Realty LLC, 80 AD3d 476, 477-478 (1st Dept 2011)(finding that the parties' "e-mail agreement set forth all relevant terms of the agreement, including the particular commission charged by plaintiff, and thus, constituted a meeting of the minds"); Harris v Intimo, Inc., 2018 NY Misc. LEXIS 6740, *17 (Sup. Ct. NY Cty. Dec. 12, 2018) (stating that "[i]t is well settled that emails sent between the parties can satisfy the statute of frauds and constitute a contract"). 
Regarding the related third cause of action for unjust enrichment,[FN2]
the Court does not credit defendants' contention that this claim should be dismissed as duplicative of the first cause of action for breach of contract. See NYSCEF Doc. No. 6 at pp. 16-17. Rather, a review of the Complaint demonstrates that in the first cause of action, plaintiff alleges the existence of a written contract governing the parties' movie financing agreement, namely a writing dated June 5, 2021 and a series of e-mail and text messages from June 2021 through June 2023 that further confirmed the parties' ongoing agreement. See NYSCEF Doc. No. 1 at ¶¶ 35-40. By way of the third cause of action, plaintiff alternatively pleads a quasi-contractual claim, alleging that defendants were unjustly enriched at plaintiff's expense by unlawfully retaining plaintiff's $130,000 in financing for a movie that is incomplete and cannot be distributed. Id. at ¶¶ 49-54.
The Court agrees with plaintiff that when a party has pleaded a quasi-contract claim as an alternative to a breach of contract claim, this potential alternative theory of recovery should not be denied to plaintiff at the pleadings stage. See Whitson's Food Serv., LLC v A.R.E.B.A.-Casriel, Inc., 230 AD3d 1274, 1275 (2d Dept 2024) (stating that "[a] plaintiff may allege a cause of action to recover damages for unjust enrichment as an alternative to a cause of action alleging breach of contract"); Core Dev. Group LLC v Spaho, 199 AD3d 447, 449 (1st Dept 2021) (noting that "the motion court erred in dismissing plaintiff's unjust enrichment cause of action, which was pleaded in the alternative to the breach of contract claim"); Auguston v Spry, 282 AD2d 489, 491 (2d Dept 2001) (holding that "the causes of action alleging breach of contract [*6]and unjust enrichment may be pleaded alternatively"); see also CPLR § 3014 (providing that "[s]eparate causes of action or defenses shall be separately stated and numbered and may be stated regardless of consistency. Causes of action or defenses may be stated alternatively or hypothetically").
This is particularly true given that defendants in their motion to dismiss have disputed whether a contract exists among the parties. See Parizat v Meron, 231 AD3d 736, 740 (2d Dept 2024) (holding that "[w]here, as here, the existence of a contract . . . is in dispute, the defendants may allege a counterclaim to recover damages for unjust enrichment as an alternative to a counterclaim alleging breach of contract"); Cheung v Dolar Shop Rest. Group, LLC, 229 AD3d 738, 740 (2d Dept 2024) (finding that "to the extent that the existence of an enforceable contract against the defendant remains a matter of dispute, the Supreme Court erred in directing dismissal of the second cause of action, alleging unjust enrichment as an alternative theory of recovery to breach of contract"); Flushing AV Laundromat, Inc. v Qu, 229 AD3d 516, 519 (2d Dept 2024) (holding that because "there is a bona fide dispute as to the existence of a contract covering the subject matter, the counterclaim alleging unjust enrichment is not duplicative of the counterclaim alleging breach of contract, and both theories may be pleaded in the alternative").
Accordingly, the branch of defendants' motion seeking CPLR § 3211(a)(7) dismissal of the third cause of action is denied. 
Concerning the second cause of action for fraud, "[a] plaintiff asserting a cause of action alleging fraud must plead all of the following elements: (1) a material misrepresentation or a material omission of fact which was false and which the defendant knew to be false, (2) made for the purpose of inducing the plaintiff to rely upon it, (3) the plaintiff's justifiable reliance on the misrepresentation or material omission, and (4) injury." Mohammad v Rehman, 2025 NY App. Div. LEXIS 1614, *2 (2d Dept Mar. 19, 2025), citing Franklin D. Nastasi Trust v Bloomberg, L.P., 224 AD3d 804, 808 (2d Dept 2024).
Contrary to defendants' contention, the Court finds that plaintiff has adequately stated a claim for fraud with requisite particularity in connection with CPLR § 3016(b)[FN3]
such that it is not subject to CPLR § 3211(a)(7) dismissal. See NYSCEF Doc. No. 6 at pp. 14-15. Plaintiff's fraud claim, which sets forth highly specific allegations comprising two and a half pages of the Complaint, adequately alleges all underlying elements of a cause of action for fraud. See NYSCEF Doc. No. 1 at ¶¶ 41-48. It alleges that defendants made various knowing misrepresentations and omissions of fact to plaintiff regarding defendants' intention and ability to produce the film. Id. Specifically, the alleged misrepresentations and omissions cited in the Complaint include, inter alia, James falsely stating that production of the film was going well and that all legal clearance obligations had been satisfied; James misrepresenting that the bank account to which plaintiff was wiring funds was solely for film expenditures when in fact it was James' personal bank account; Sybil misrepresenting that legal clearance of all actors and production personnel had been achieved when defendants had never received the requisite signed documents from actors and other personnel associated with the film; and Sybil misrepresenting that defendants needed additional funds from plaintiff to pay for "compliance work" and a [*7]Screen Actors Guild ("SAG") bond. Id. The second cause of action further alleges that plaintiff justifiably relied upon these misrepresentations and material omissions; and that it suffered monetary damages as a direct result thereof. Id. 
As such, plaintiff has stated a valid fraud claim in compliance with CPLR § 3016(b). See Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 868 (2d Dept 2022) (holding that "the plaintiff sufficiently pleaded each of the elements of fraud with the requisite specificity pursuant to CPLR 3016"); Emby Hosiery Corp. v Tawil, 196 AD3d 462, 465 (2d Dept 2021) (stating that "the complaint was pleaded with the particularity necessary to sustain a cause of action alleging fraud (see CPLR 3016[b])"); Berkovits v Berkovits, 190 AD3d 911, 915 (2d Dept 2021) (holding that "the first cause of action sufficiently pleads the elements of fraudulent misrepresentation or fraudulent inducement" in compliance with CPLR § 3016[b]).
Nor does the Court agree with defendants' passing assertion that the fraud claim should be dismissed as duplicative of plaintiff's claim for breach of contract. See NYSCEF Doc. No. 6 at p. 15. While the first cause of action focuses squarely upon defendants' breach of the parties' alleged June 5, 2021 contractual agreement, the second cause of action for fraud alleges that defendants made fraudulent misrepresentations and/or omissions that were collateral to the contract. See NYSCEF Doc. No. 1 at ¶¶ 35-40; 41-48. Such knowingly false statements include, inter alia, the aforementioned misrepresentations that all legal clearance obligations had been satisfied for the film's production; that James' personal bank account was being used strictly for film expenditures; that defendants had obtained signatures and legal clearance for all actors and production personnel; and that additional funds were needed for compliance work and/or a SAG bond. Id. at ¶¶ 41-48.
Accordingly, because the second cause of action alleges that defendants made misrepresentations to plaintiff that were collateral to the parties' agreement, the fraud claim is not duplicative of the first cause of action for breach of contract. See New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 801 (2d Dept 2024) (holding that "the cause of action alleging fraudulent inducement is not duplicative of the cause of action alleging breach of contract, as the plaintiffs alleged that the defendants made misrepresentations of present facts that were collateral to the contract and served as an inducement to enter into the contract"); Bhatara v Kolaj, 222 AD3d 926, 931 (2d Dept 2023) (finding that "the cause of action alleging fraud was not duplicative of the breach of contract cause of action, as it alleged that the defendants made misrepresentations that the plaintiffs would hold a 50% interest in Friendship, and those misrepresentations were collateral to the joint venture agreement and served as an inducement to enter into the agreement"); Scarola Zubatov Schaffzin PLLC v Dynamic Credit Partners, LLC, 210 AD3d 605, 606-607 (1st Dept 2022) (holding that the "Supreme Court properly determined that the fraud cause of action was not duplicative of the breach of contract cause of action. The fraud claim was based on a misrepresentation made in violation of a duty collateral to the fee contract").[FN4]

Therefore, the branch of defendants' motion seeking CPLR § 3211(a)(7) dismissal of the second cause of action is denied.
MOTIONS CONCERNING ILIAS
Regarding defendants' motion pursuant to CPLR §§ 2004 and 3012(d) to extend Ilias's time to appear and respond to the Complaint, and plaintiff's related cross-motion pursuant to CPLR § 3215 for a default judgment against Ilias, the Court emphasizes that New York public policy strongly favors the resolution of cases on the merits. See, e.g., Camille v. Fed'n of Protestant Welfare Agencies, Inc., 233 AD3d 747, 748 (2d Dept 2024) (affirming the denial of a motion for a default judgment and citing "the strong public policy in favor of resolving cases on the merits"); Bacova v City of New York, 229 AD3d 668, 669 (2d Dept 2024) (holding that given "the strong public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to enter a default judgment against the City (see CPLR 3215[f]) and granting that branch of the City's cross-motion which was pursuant to CPLR 3012(d) to compel the plaintiffs to accept its late answer"); Biton v 641 Midwood, LLC, 228 AD3d 717, 718 (2d Dept 2024) (reversing the Supreme Court's granting of a default judgment in light of, inter alia, "the strong public policy favoring the resolution of cases on the merits").
The Record on this motion undisputably reflects that Ilias was served by way of the Secretary of State on January 10, 2025, such that its initial deadline to respond to the Complaint was February 10, 2025. See NYSCEF Doc. Nos. 2; 7; 9; 16. Despite plaintiff's counsel admitting that defendants' counsel contacted him only eight days later, on February 18, 2025, to request a brief extension of Ilias's time to respond to the Complaint, plaintiff's counsel acknowledges that he nonetheless refused the request. See NYSCEF Doc. No. 16 at ¶¶ 3-8. 
Given the circumstances, the Court finds that plaintiff's counsel unreasonably refused Ilias's request for an extension. The Court expects attorneys to extend to one another professional courtesies particularly where, as here, Ilias's initial deadline for responding to the Complaint had recently passed, and this was Ilias's first request for an extension. The denial of this type of professional courtesy often leads to unnecessary motion practice, as has transpired herein.[FN5]

In light of the foregoing and given the aforementioned public policy favoring the resolution of cases on the merits, defendants' motion is granted to the extent that Ilias's time to respond to the Complaint is extended nunc pro tunc to February 25, 2025, at which time Ilias appeared by counsel and moved to dismiss the Complaint. See CPLR § 3012(d) (noting that "the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just . . . "). Plaintiff's related cross-motion for a default judgment against Ilias is denied. See Camille, 233 AD3d at 748; Bacova, 229 AD3d at 669; Biton, 228 AD3d at 718.
MOTIONS CONCERNING ILIAS PICTURES
Regarding the parties' competing motions concerning Ilias Pictures, the Record demonstrates that plaintiff commenced this action on January 6, 2025, such that it has 120 days, i.e., until May 6, 2025, to serve Ilias Pictures. See NYSCEF Doc. No. 1; see also CPLR § 306-b (providing that "[s]ervice of the summons and complaint . . . shall be made within one hundred [*8]twenty days after the commencement of the action"). The Record also reflects that plaintiff has made four attempts to serve Ilias Pictures, and that although the attempts have been unsuccessful, plaintiff's counsel avers that plaintiff continues to make consistent and diligent efforts to serve Ilias Pictures. See NYSCEF Doc. No. 16 at ¶¶ 9-12; NYSCEF Doc. No. 22. 
Based upon the foregoing, the Court grants plaintiff's cross-motion to the extent that it is awarded an additional 21 days, until May 27, 2025, to serve Ilias Pictures. The Court further denies as premature defendants' motion to dismiss the action against Ilias Pictures pursuant to CPLR § 3211(a)(8) for lack of personal jurisdiction and improper service, which motion was made well prior to plaintiff's May 6, 2025 deadline to serve Ilias Pictures. See Bank of NY Mellon v Scura, 102 AD3d 714, 715 (2d Dept 2013) (holding that the "appellant's motion was premature as it was made within the initial 120-day period provided for service in CPLR 306-b . . . Since the plaintiff had the absolute statutory right to effect valid service at any point within the 120-day period following the filing of the summons and complaint, dismissal of the complaint prior to the expiration of that period would have been improper"). 
CONCLUSION
Accordingly, based upon the foregoing, defendants' motion (seq. no. 1) is granted to the extent that Ilias's time to respond to the Complaint is extended nunc pro tunc to February 25, 2025, at which time Ilias appeared by counsel and moved to dismiss the Complaint. Defendants' motion is otherwise denied. Plaintiff's cross-motion (seq. no. 2) is granted to the extent that plaintiff is awarded an additional 21 days, until May 27, 2025 to serve Ilias Pictures. Plaintiff's cross-motion is otherwise denied.
The foregoing constitutes the decision and order of the Court.[FN6]

Dated: April 21, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:See Porcelli v Key Food Stores Co-Operative, Inc., 44 AD3d 1020, 1021 (2d Dept 2007) (stating that "[w]hether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claim, is irrelevant to the determination of a pre-disclosure CPLR 3211 motion to dismiss").

Footnote 2:"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." Travelsavers Enters. v Analog Analytics, Inc., 149 AD3d 1003, 1006 (2d Dept 2017).

Footnote 3:CPLR § 3016(b) provides that "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail."

Footnote 4:The Court notes that while the breach of contract claim is asserted against James, Ilias, and Ilias Pictures, plaintiff's fraud claim is asserted against those three defendants as well as Sybil, further reflecting that it is not duplicative. See NYSCEF Doc. No. 1 at ¶¶ 35-40; 41-48.

Footnote 5:It does not go unnoticed by the Court that plaintiff opposes Ilias's request for an extension while simultaneously seeking its own extension of time to serve Ilias Pictures.

Footnote 6:All other arguments raised on these two motions and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.