Metropolitan Partners Group Admin., LLC v Nerney

2026 NY Slip Op 02340

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Metropolitan Partners Group Administration, LLC, et al., Plaintiffs-Respondents,

v

Brian Nerney et al., Defendants-Appellants, Schweizer RSG, LLC, Defendant.

Decided and Entered: April 16, 2026

Index No. 650013/25|Appeal No. 6396|Case No. 2025-06334|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

FBT Gibbons LLP, New York (Michael P. Richter of counsel), for Brian Nerney, David Horton, Rotorcraft Services Group, Inc., RSG Aviation, Inc., RSG Aerodesign, Inc., and RSG Products, Inc., appellants.

Joshua L. Seifert PLLC, New York (Joshua L. Seifert of counsel), for RSG Schweizer Investors, LLC, appellant.

Elsberg Baker & Maruri PLLC, New York (Vivek Tata of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about August 27, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss the causes of action for breach of contract as against defendant RSG Schweitzer Investors, LLC (first cause of action); fraud as against RSG Schweizer Investors (second cause of action); breach of contract as against defendants Brian Nerney and David Horton (fourth cause of action); fraud as against Nerney and Horton (fifth cause of action); and fraud and breach of contract as against Rotorcraft Services Group, Inc., RSG Aviation, Inc., RSG Aerodesign, Inc., and RSG Products, Inc. (collectively, the RSG defendants) (sixth cause of action), unanimously affirmed, without costs.

Plaintiffs sufficiently stated a cause of action for breach of contract against Nerney and Horton by alleging that those defendants breached valid guaranties that they gave to plaintiffs. According to the allegations in the complaint, Nerney and Horton breached their guaranties' full recourse provisions, which guaranteed against "any act of [the guarantor] . . . taken in bad faith, that hinders, delays or interferes with the exercise of any rights or remedies of [plaintiffs]," by, among other things, deliberately obfuscating the books and records of defendant Schweizer RSG, LLC, giving plaintiffs' receiver false passwords related to Schweizer RSG's finances, and preparing an Excel spreadsheet that contained materially inaccurate information intended for plaintiffs' review. Plaintiffs also alleged that Nerney and Horton breached their indemnity guarantees, under which they each agreed to indemnify plaintiffs against any "actual losses" based on Nerney's or Horton's misappropriation or unauthorized transfer of collateral, or willful removal or disposal of any portion of the collateral. These allegations are sufficient to support the breach of contract claims, and plaintiff "may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face" (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]).

Supreme Court properly declined to dismiss the complaint on the basis of documentary evidence (see CPLR 3211[a][1]). Although defendants sought to use Schweizer RSG's ledgers to explain the transfers of collateral, those ledgers, like many of the other documents that defendants submitted concerning transactions among the various defendants, were not "essentially unassailable" as a defense against the allegations of the complaint (Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d 824, 827 [2d Dept 2024]). Thus, the documentary evidence did not conclusively establish a defense as a matter of law (see Rosario v Hallen Constr. Co., Inc., 214 AD3d 544, 545 [1st Dept 2023]).

[*2]

Supreme Court also properly allowed jurisdictional discovery to determine whether the RSG defendants are alter egos of Schweizer RSG and therefore are bound by the New York forum selection clause in Schweizer RSG's credit agreement even though they are not signatories to the agreement. The detailed allegations in the complaint, read together, suggest common directors, corporate records, employees, office space, and the comingling of funds and other assets. Plaintiffs also alleged that Schweizer RSG could not meet its payroll obligations, suggesting that Schweizer RSG was inadequately capitalized. These allegations may be sufficient for a finding of jurisdiction over the RSG defendants under a veil piercing theory (see Shisgal v Brown, 21 AD3d 845, 848 [1st Dept 2005]). As a result, plaintiffs have made a "sufficient start" in demonstrating prima facie the existence of personal jurisdiction over the RSG defendants (Matter of James v iFinex Inc., 185 AD3d 22, 30 [1st Dept 2020]).

The fraud claims against Nerney, Horton, and the RSG defendants were also sufficiently particular to satisfy CPLR 3016(b). The bulk of plaintiffs' fraud claims rely on specific allegations that defendants misrepresented the value of Schweizer's inventory in February 2022 to induce plaintiffs to make the loan. The fraud claims also were not duplicative to the breach of contract claims.

"[A] misrepresentation of present fact, unlike a misrepresentation of future intent to perform under the contract, is collateral to the contract, even though it may have induced the plaintiff to sign it, and therefore involves a separate breach of duty" (GoSmile, Inc. v Levine, 81 AD3d 77, 81 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]). Thus, a plaintiff may maintain a fraud cause of action in the alternative to a breach of contract claim where the "fraud cause of action was collateral to the . . . contract . . . regardless of whether the causes of action sought the same damages" (Scarola Zubatov Schaffzin PLLC v Dynamic Credit Partners, LLC, 210 AD3d 605, 607 [1st Dept 2022]; see also Shear Enters., LLC v Cohen, 189 AD3d 423, 424 [1st Dept 2020]). Accordingly, plaintiffs will be permitted to pursue their fraud claims in addition to their breach of contract claims at this early stage of the litigation.

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026