CSN Realty Corp. v Moussaieff
2026 NY Slip Op 03228
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

CSN Realty Corp., Plaintiff-Appellant,
v
Roy Moussaieff et al., Defendants-Respondents.

Decided and Entered: May 21, 2026
Index No. 652522/24|Appeal No. 6699|Case No. 2025-01502|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Oved & Oved LLP, New York (Christopher J. Rados of counsel), for appellant.
Kasowitz LLP, New York (Joshua A. Siegel of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about February 10, 2025, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Supreme Court should not have determined that the merger clause contained in the written contract barred plaintiff's fraudulent inducement cause of action, which was interposed as against defendants Roy Moussaieff (Roy) and Yousef Althkefati. On its face, the merger clause agreed to by plaintiff and nonparty 2252 Third Avenue, LLC (the judgment debtor), does not apply to the representations by Roy and Althkefati, as the clause does not cover statements made by third parties (see Remediation Capital Funding LLC v Noto, 147 AD3d 469, 471 [1st Dept 2017]). Furthermore, the documentary evidence does not make clear whether Roy and Althkefati made the alleged representations in their personal capacities or in their capacities as members of judgment debtor, and at this stage of the litigation, where plaintiff is afforded every favorable inference, the fraudulent inducement claims should not have been dismissed on the basis that Roy and Althkefati were speaking as members of the LLC (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
We reject defendants' argument that the fraudulent inducement cause of action is duplicative of the breach of contract cause of action. "[A] misrepresentation of present fact, unlike a misrepresentation of future intent to perform under the contract, is collateral to the contract, even though it may have induced the plaintiff to sign it, and therefore involves a separate breach of duty" (GoSmile, Inc. v Levine, 81 AD3d 77, 81 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]). The alleged representations by Roy and Althkefati that the judgment debtor had sufficient capital to close on the property were representations of present fact, not future intent to perform.
Similarly, we reject defendants' argument that plaintiff seeks identical damages under the fraudulent inducement cause of action and the breach of contract cause of action. Under the circumstances of this case, at this early procedural stage plaintiff is entitled to maintain the fraudulent inducement claim in the alternative to the breach of contract claim (see Scarola Zubatov Schaffzin PLLC v Dynamic Credit Partners, LLC, 210 AD3d 605, 607 [1st Dept 2022]; Shear Enters., LLC v Cohen, 189 AD3d 423, 424 [1st Dept 2020]). This conclusion is especially true because the remedy available to plaintiff for fraudulent inducement under the "out-of-pocket rule" is not lost profits but rather "the actual pecuniary loss sustained as the direct result of the wrong" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017] [internal quotation marks omitted]).
[*2]
Further, plaintiff sufficiently pleaded its breach of contract cause of action under an alter ego/veil-piercing theory of liability against defendants. Plaintiff alleged that defendants dominated and controlled the judgment debtor and used that domination to commit a fraud that harmed plaintiff (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]). Among other allegations, plaintiff pleaded that the judgment debtor failed to maintain adequate company records and failed to conduct meetings; was undercapitalized; intermingled its funds with the individual defendants' funds, as well as those of the entities that the individual defendants control; and shared owners, managing members, officers, and office space with defendants. Plaintiff also alleged that defendants did not merely cause the judgment debtor to breach its contract with plaintiff, but also misused the corporate form to award themselves the equivalent of an options contract to either purchase property or walk away from the purchase and hide behind an undercapitalized corporate shell. In addition, plaintiff alleged that defendants caused the judgment debtor to become judgment proof (see Owens v New Empire Corp., 244 AD3d 454, 455 [1st Dept 2025]; Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]). Giving plaintiffs the benefit of every favorable inference at the pleading stage, these allegations adequately connect the alleged wrongdoing to abuse of the corporate form and therefore are sufficient to withstand a motion to dismiss under CPLR 3211(a)(7).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026